David W. Lively (State Bar No. 83642)
Jennifer S. Coleman (State Bar No. 213210)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S. First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Creditor John Dariano, Trustee of the
John Dariano 1992 Trust, Dated November 12, 1992

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>JAMES M. LIQUORI DBA SIGNATURE PROPERTIES,<br>Debtor. | CASE NO. 10-55627 RLE<br>CHAPTER 7<br>**Adversary Proceeding No.** _____ |
| JOHN DARIANO, TRUSTEE OF THE JOHN DARIANO 1992 TRUST, DATED NOVEMBER 12, 1992,<br>Plaintiff,<br>v.<br>JAMES M. LIQUORI DBA SIGNATURE PROPERTIES,<br>Defendant. | **COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS**<br><br>[11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4), and Constructive and Actual Fraud] |

Plaintiff, John Dariano, Trustee of the John Dariano 1992 Trust, dated November 12, 1992 ("Plaintiff" or "Dariano"), alleges:

**JURISDICTION**

1. This adversary proceeding is one arising out of Debtor's Case No. 10-55627-RLE under Chapter 7 of Title 11 of the United States Code, now pending before this Court.

2. This Complaint initiates an adversary proceeding as contemplated by Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.

626\700763.1

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. sections 151, 157 and 1334, in addition to Bankruptcy Local Rule 5011-1.

4. Claims for Relief I-IV of this adversary proceeding are core proceedings under 28 U.S.C. section 157(b)(2)(I) and (J).

5. Claim for Relief V of this adversary proceeding is a non-core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. Section 1334 in that the proceedings are related to the above-entitled bankruptcy proceeding. Accordingly, this Court has authority to hear and determine the dispute at issue and grant the relief requested, and Dariano consents to the entry of a final order in this proceeding by the bankruptcy court judge.

**PARTIES**

6. Dariano is, and at all times mentioned herein was, a resident of Santa Clara County, California.

7. James M. Liquori dba Signature Properties ("Defendant" or "Debtor") is, and at all times herein mentioned was acting as a real estate broker duly licensed by the State of California, and at all times mentioned herein was doing business as Signature Properties.

8. Dariano is informed and believes and thereon alleges that Debtor resides at 4113 Ashbrook Cr., San Jose, CA 95124.

9. The Debtor filed his bankruptcy petition on May 28, 2010.

10. The Debtor is an individual debtor seeking discharge of the debt upon which Dariano claims Debtor is liable.

11. Dariano brings this action as a creditor of Debtor.

**FACTUAL BACKGROUND**

12. In or about 2006, Dariano started investing in loans brokered by Debtor. Dariano was introduced to Debtor by a mutual friend and investor with Debtor.

13. Debtor represented to Dariano that he had been brokering second deeds of trust for many years and that all notes and deeds of trust brokered by the Debtor were adequately secured and safe investments.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\700763.1 - 2 -
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS – CASE NO. 09-55627

Case: 10-05236  Doc# 1  Filed: 07/12/10  Entered: 07/12/10 14:50:38  Page 2 of 9

14. Dariano was informed and believes and thereon alleges that Debtor, as part of his real estate loan brokerage business, would place loans with third parties and initially place the note and deed of trust in the name of Signature Properties.

15. Dariano is further informed and believes and thereon alleges that Debtor charged the initial borrowers fees and other costs in connection with those transactions.

16. Dariano is further informed and believes and thereon alleges that these loans were made for the express purpose of resale or assignment to third parties such as Dariano.

17. In or about October 2007, Debtor approached Dariano to purchase a loan that Signature Properties held with Diane L. Wales ("Wales") in the amount of $80,000 ("Wales Loan") in connection with that certain real property more particularly described as APN Lot 43, Block 3208 and commonly referred to as 2298 Lombard Street, Unit "J" in San Francisco, California ("Lombard Property").

18. Debtor represented that the Wales Loan was secured by a second deed of trust on the Lombard Property and that Signature Properties was the beneficiary of the note and second deed of trust.

19. Based upon Debtor's representations, Dariano agreed to purchase the Wales Loan from Debtor.

20. Wales executed a Straight Note prepared by Debtor whereby Wales promised to pay Signature Properties $80,000. A true and correct copy of the Straight Note is attached hereto as **Exhibit A**.

21. The Straight Note expressly states that it is secured by a second deed of trust on the Lombard Property.

22. In order to secure the obligation under the Straight Note, Wales executed that certain Deed of Trust with Assignment of Rents which was recorded on November 13, 2007 in the San Francisco Recorder's Office as Document No. 2007-I488241-00 ("Deed of Trust"). A true and correct copy of the Deed of Trust is attached hereto as **Exhibit B**.

23. Dariano later discovered that contrary to Debtor's representations, at the time the Straight Note secured by the Deed of Trust was purchased by Dariano, the beneficiary of the

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\700763.1 - 3 -
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS - CASE NO. 09-55627

Case: 10-05236  Doc# 1  Filed: 07/12/10  Entered: 07/12/10 14:50:38  Page 3 of 9

Deed of Trust was not Signature Properties, but "Val Garcia and Charlee J. Lloyd, as joint tenants with right of survivorship."

24. Dariano is further informed and believes, and on that basis alleges, that at the time Debtor approached Dariano to purchase the Wales Loan, he intended to keep the funds used to purchase the Wales Loan for himself and not apply those funds to the represented purchase, but did not disclose his intent to Dariano.

25. On March 18, 2008, Dariano wrote a check to Signature Properties in the amount of $139,200 for, among other loans purchased from Debtor, the Wales Loan ("Wales Loan Check"). A true and correct copy of the Wales Loan Check is attached hereto as **Exhibit C**.

26. Debtor, in his capacity as a broker, sent a Statement to Dariano memorializing Dariano's purchase of the Wales Loan. A true and correct copy of the Statement is attached hereto as **Exhibit D**.

27. Dariano is informed and believes and thereon alleges that while he purchased the Straight Note and Deed of Trust from the Debtor, a preliminary title report from Chicago Title Company dated as of June 23, 2009 does not show any ownership or security interest of Dariano in the Lombard Property. A true and correct copy of the preliminary title report is attached hereto as **Exhibit E**.

28. On July 23, 2009, Dariano filed a Complaint for (1) Negligence; (2) Negligence Per Se; (3) Fraud; (4) Constructive Fraud; (5) Breach of Fiduciary Duty; (6) Constructive Trust; (7) Fraudulent Transfer in the Superior Court for the State of California, County of Santa Clara ("State Court Complaint"), styled *John Dariano, Trustee of the John Dariano 1992 Trust, Dated November 12, 1992 v. James M. Liquori, individually and James M. Liquori dba Signature Properties*, Case No. 109CV148125 ("State Court Action"). A true and correct copy of the State Court Complaint is attached hereto as **Exhibit F**.

29. The State Court Action was scheduled for trial on August 30, 2010 at 8:45 a.m. in Department 3 of the Santa Clara County Superior Court.

30. On December 14, 2009, Dariano filed a Complaint Form in the Real Estate Fraud Unit of the District Attorney's Office of Santa Clara County regarding the circumstances

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\700763.1 - 4 -
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS – CASE NO. 10-55627

Case: 10-05236  Doc# 1  Filed: 07/12/10  Entered: 07/12/10 14:50:38  Page 4 of 9

surrounding the Wales Loan. A true and correct copy of the Complaint Form is attached hereto as **Exhibit G**.

### FIRST CLAIM FOR RELIEF
### (For Money Obtained By False Pretenses, False Representation and Actual Fraud)
### 11 U.S.C. §523(a)(2)(A)

31. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 30, inclusive.

32. Through the misrepresentations and actions described above, Debtor obtained and retained money from Dariano through false representations, false pretenses and actual fraud.

33. When Debtor made the false statements and representations to Dariano, he knew they were false.

34. When Debtor made the false statements and representations to Dariano, he intended to deceive Dariano into purchasing the Wales Loan.

35. Dariano justifiably relied upon Debtor's false statements and representations to his detriment in that he believed that Debtor's representations regarding the Wales Loan, Straight Note and the Deed of Trust to be true.

36. Had Dariano known the actual facts, he would not have purchased the Wales Loan from Debtor.

37. As a proximate result of Debtor's false statements and representations, Dariano has suffered actual damages in an amount no less than $80,000 to be proven at trial.

38. The aforementioned conduct of the Debtor was an intentional misrepresentation, deceit or concealment of material facts known to Debtor with the intention on the part of Debtor thereby depriving Dariano of his property so as to justify an award of exemplary or punitive damages.

39. The debt to Dariano in the amount of $80,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

WHEREFORE, Dariano prays for relief as hereinafter set forth.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\700763.1 - 5 -
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS - CASE NO. 10-55627

Case: 10-05236  Doc# 1  Filed: 07/12/10  Entered: 07/12/10 14:50:38  Page 5 of 9

## SECOND CLAIM FOR RELIEF
### (For Use of False Statement in Writing)
### 11 U.S.C. §523(a)(2)(B)

40. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 39, inclusive.

41. Debtor represented to Dariano in writing, as evidenced by the Straight Note and Deed of Trust, that indicated the Deed of Trust, when recorded, would be in second position to induce Darianio to purchase the Wales Loan.

42. Debtor's representations were materially false in that Debtor knew that the Deed of Trust would not be in second position.

43. Debtor's representations that the Deed of Trust, when recorded, would be in second position, were intended to deceive and defraud Dariano, and to induce Dariano to act in reliance on these representations through the purchase of the Wales Loan.

44. Dariano relied on the Debtor's aforementioned statements in the purchase of the Wales Loan, causing Dariano to suffer damages in an amount no less than $80,000.

45. Dariano's reliance on the Debtor's aforementioned representations in purchasing the Wales Loan was reasonable.

46. Dariano, at the time these representations were made by Debtor and at the time Dariano took the actions herein alleged, was ignorant of the falsity of Debtor's representations and believed them to be true.

47. Had Dariano known the actual facts, he would not have purchased the Wales Loan from Debtor.

48. As a proximate result of Debtor's false statements and representations, Dariano has suffered actual damages in an amount no less than $80,000 to be proven at trial.

49. The aforementioned conduct of the Debtor was an intentional misrepresentation, deceit or concealment of material facts known to the Debtor with the intention on the part of the Debtor thereby depriving Dariano of his property so as to justify an award of exemplary or punitive damages.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\700763.1 — 6 —
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS - CASE NO. 10-55627

Case: 10-05236    Doc# 1    Filed: 07/12/10    Entered: 07/12/10 14:50:38    Page 6 of 9

50. The debt to Dariano in the amount of $80,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(B).

WHEREFORE, Dariano prays for relief as hereinafter set forth.

**THIRD CLAIM FOR RELIEF**
**(Fraud or Defalcation While Acting As Fiduciary)**
**11 U.S.C. §523(a)(4)**

51. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 50, inclusive.

52. Through the misrepresentations and actions described above, Debtor obtained and retained money from Dariano through false representations, false pretenses and actual fraud.

53. When Debtor made the false statements and representations to Dariano, he knew they were false.

54. When Debtor made the false statements and representations to Dariano, he intended to deceive Dariano into purchasing the Wales Loan.

55. Dariano justifiably relied upon Debtor's false statements and representations to his detriment in that he believed that Debtor's representations regarding the Wales Loan, Straight Note and the Deed of Trust to be true.

56. Had Dariano known the actual facts, he would not have purchased the Wales Loan from Debtor.

57. Debtor wrongfully breached his fiduciary duty to Dariano by utilizing the funds paid by Dariano to purchase the Wales Loan for himself, not applying said funds to the purchase of the Wales Loan and failing to provide the Deed of Trust in second position as represented to Dariano.

58. As a proximate result of Debtor's false statements and representations, Dariano has suffered actual damages in an amount no less than $80,000 to be proven at trial.

59. The aforementioned conduct of the Debtor was an intentional misrepresentation, deceit or concealment of material facts known to Debtor with the intention on the part of Debtor of thereby depriving Dariano of his property so as to justify an award of exemplary or punitive damages.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\700763.1 - 7 -
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS - CASE NO. 10-55622

Case: 10-05236  Doc# 1  Filed: 07/12/10  Entered: 07/12/10 14:50:38  Page 7 of 9

60. The debt to Dariano in the amount of $80,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

WHEREFORE, Dariano prays for relief as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**
**(Embezzlement)**
**11 U.S.C. §523(a)(4)**

61. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 60, inclusive.

62. Debtor wrongfully and fraudulently appropriated the funds lawfully entrusted to him by Dariano. Debtor did so by keeping the funds delivered by Dariano to purchase the Wales Loan owned by Signature Properties instead of using said funds for the purchase of the Wales Loan.

63. As a proximate result of Debtor's embezzlement, Dariano has suffered actual damages in an amount of no less than $80,000 to be proven at trial.

64. The debt to Dariano in the amount of $80,000 is non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

WHEREFORE, Dariano prays for relief as hereinafter set forth.

**FIFTH CLAIM FOR RELIEF**
**(Constructive and Actual Fraud)**

65. Dariano realleges and incorporates by reference the allegations set forth in numbered paragraphs 1 through 64, inclusive.

66. By virtue of the conduct alleged above, Debtor committed constructive and/or actual fraud against Dariano by committing the acts set forth in paragraphs 12-30 above.

67. Debtor's representations were false as alleged above.

68. Dariano reasonably relied on Debtor's representations and concealments to his detriment, in that he believed Debtor's representations regarding the Wales Loan, the Straight Note and the Deed of Trust to be true.

69. As a proximate result of Debtor's representations, Dariano has suffered actual damages in an amount of no less than $80,000 to be proven at trial.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\700763.1 - 8 -
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS - CASE NO. 09-55627

Case: 10-05236   Doc# 1   Filed: 07/12/10   Entered: 07/12/10 14:50:38   Page 8 of 9

70. As demonstrated by the course of conduct alleged above, Debtor acted with fraud, oppression, and malice warranting the imposition of punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff prays for relief against the Debtor as follows:

1. That the Court determine that the debt owed to Dariano by Debtor in an amount to be proven at trial, but presently known not to be less than $80,000, is fraudulent and nondischargeable;

2. That the Court enter judgment against Debtor and in favor of Dariano in the amount of $80,000, plus interest and attorney fees;

3. That the Court award costs of suit incurred herein;

4. That the Court award punitive and exemplary damages in an amount to be determined at trial; and

5. Such other and further relief as is just and proper.

Dated: July 12, 2010         HOPKINS & CARLEY
                             A Law Corporation


                             By:   /s/ Jennifer S. Coleman
                                 Jennifer S. Coleman
                                 Attorneys for Plaintiff
                                 JOHN DARIANO, TRUSTEE OF THE
                                 JOHN DARIANO 1992 TRUST, DATED
                                 NOVEMBER 12, 1992

Dated: July 12, 2010         HOPKINS & CARLEY
                             A Law Corporation


                             By:   /s/ David W. Lively
                                 David W. Lively
                                 Attorneys for Plaintiff
                                 JOHN DARIANO, TRUSTEE OF THE
                                 JOHN DARIANO 1992 TRUST, DATED
                                 NOVEMBER 12, 1992

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

626\700763.1                    - 9 -
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBTS - CASE NO. 10-55622

Case: 10-05236    Doc# 1    Filed: 07/12/10    Entered: 07/12/10 14:50:38    Page 9 of 9